Peck, J.
The complaint seeks recovery of excess rent paid under a lease which fixed an agreed rent in excess of the emergency rent payable under the Business Rent Law (L. 1945, ch. 314, as amd.). The lease contains a provision specifying the amount of the emergency rent payable under the act, and providing: “ * * * that the Landlord has advised the Tenant prior to the making of this agreement that the emergency rent is as specified above until modified by arbitration or by the Supreme Court pursuant to Section 4 of said Act; that Section 4 of said Act further provides that in lieu of the foregoing method of determining and fixing the rent, the Tenant and the Landlord may fix a reasonable rent by written agreement; and that the parties are satisfied that the fair-and reasonable rent of the space occupied by the Tenant is in excess of the emergency rent; and the parties are willing to agree upon a rent which both parties consider fair and reasonable.”
The complaint, in four causes of action, alleges (1) that the lease did not comply with the provisions of the statute in that the lease failed to advise the tenant that it might “ continue ” to pay the emergency rent until modified by arbitration or by *484 the Supreme Court pursuant to section 4 of the statute; (2) that the landlord did not in fact advise the plaintiff of its aforesaid right; (3) that the landlord failed to give notice of the tenant’s right in a writing separate and independent from the lease; (4) that the rental fixed by the lease is in excess of a reasonable rent.
While the motion made - at Special Term was only by the plaintiff, and only for judgment on the pleadings on the first cause of action, Special Term properly held that the motion searches the record, and properly dismissed the complaint upon determining that none of the causes of action pleaded was maintainable.
We readily agree with Special Term’s determination that the advice by the landlord to the tenant of its rights under the emergency rent law need not be contained in any writing separate and independent from the lease, and we also agree with Special Term that the notice contained in the lease here, while not in the exact words of the statute, was a substantial compliance with the requirement that plaintiff be notified of his right to continue to pay the emergency rent until modified in accordance with the statute.
The question which remains, and which prompts this opinion, is whether any triable issue is raised by the claim of the fourth cause of action that the rent fixed by the parties is not reasonable. It is our opinion that no triable issue is thus raised; because we do not believe the law contemplates a judicial inquiry into the reasonableness of the rent fixed by the parties after due notice has been given of the tenant’s right to continue to pay the emergency rent until modified by arbitration or the Supreme Court, and the tenant has elected instead to exercise his own judgment and agree with the landlord on a reasonable rent. The tenant has the added protection against making a questionable agreement of having sixty days in which to withdraw from the agreement. If he also has the right, as plaintiff contends, of having the reasonableness of the rent agreed upon reviewed and determined by the Supreme Court, his agreement is illusory and the sanction in the law for by-passing arbitration and the court and making one’s own decision is rendered nugatory. While a question of reasonableness would ordinarily be a triable issue, its determination under the emergency rent law is by whomever the parties elect for the purpose, either arbitrators, the court or the parties themselves. The law, in our opinion, never intended a secondary court review of the reasonableness of rent fixed by the parties themselves in a firm agreement.
*485 The order and the judgment appealed from should he affirmed, with costs.